**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PRIYESH TIWARI**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**COUNTRY CLUB CENTER/HOMES, LLC**<br>c/o J. Jeffrey Holland<br>P.O. Box 345<br>Sharon Center, OH 44274<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Judge:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Priyesh Tiwari ("Plaintiff"), on behalf of himself and others similarly situated, for his Complaint against Defendant Country Club Center/Homes, LLC, states and alleges as follows:

## NATURE OF COMPLAINT

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio's Prompt Pay Act, O.R.C. § 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant's principal places of business are located in this judicial district and division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult residing in Ohio.

8. Plaintiff was employed by Defendant at its Marysville, Ohio facility as a non-exempt hourly Certified Nursing Assistant from approximately April 2024 to October 2025. Plaintiff's written Consent to Join this Action is filed herewith.

9. At all relevant times, Plaintiff and other similarly situated persons were "employees" of Defendants within the meaning of the FLSA and Ohio law.

10. At all relevant times, Plaintiff and those similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Defendant is an Ohio domestic limited liability company, and can be served through its Ohio registered statutory agent: J. Jeffrey Holland, P.O. Box 345, Sharon Center, OH 44274

## FACTS

**A. Defendant operates a single, integrated enterprise and is a joint employer of Plaintiff and those similarly situated.**

12. Defendant holds itself out to the public as "Country Club Rehabilitation Campuses," "offering the complete continuum of care under one roof including: independent and assisted living, rehabilitation, skilled and restorative nursing; and long term care."[1]

13. Defendant owns and operates the following such facilities in Ohio: Country Club Assisted Living of Ashland (Ashland, OH); Country Club Rehabilitation Campus at Ashtabula (Ashtabula, OH); Country Club Rehabilitation Campus at Bellaire (Bellaire, OH); Country Club Rehabilitation Campus at Delaware (Delaware, OH); Country Club Rehabilitation Campus at Dover (Dover, OH); Monarch Skilled Nursing and Rehab (Marysville, OH); Country Club Rehabilitation Campus at Mt. Vernon (Mt. Vernon, OH); Country Club Rehabilitation Campus at Newton Falls (Newton Falls, OH).

14. The facilities in Paragraph 13 are collectively referred to hereinafter as "Country Club Facilities."

15. Plaintiff and others similarly situated were hourly employees who worked for Defendant at one of the Country Club Facilities within the last three years.

16. Plaintiff and other similarly situated employees at the were nominally hired and employed by a web of related companies created and operated by Defendant.

17. For instance, Plaintiff worked at Defendant's Monarch Skilled Nursing and Rehab facility in Marysville, Ohio, which is ostensibly operated by Milcrest Healthcare, Inc.

---

[1] https://www.countryclubretirementcampus.com/ (last viewed 12/19/25).

18. However, Milcrest Healthcare, Inc. does not autonomously operate the Monarch Skilled Nursing and Rehab facility.

19. Indeed, Monarch Skilled Nursing and Rehab, like all Country Club Facilities that operate as nursing homes or rehabilitation centers, self-reports to the federal government's Centers for Medicare and Medicaid Services ("CMS") that they are part of the "Country Club Rehabilitation Campus" chain of affiliated entities.

20. Under CMS regulations, being an "affiliated entity," means that the Country Club Facilities are a "group[] of nursing homes that share[s] at least one individual or organizational owner, officer, or entity with operational/managerial control."

21. Moreover, Monarch Skilled Nursing and Rehab self-reports to the CMS that it is wholly-owned by Janet Harris, Defendant's CEO.

22. All other Country Club Facilities that report to CMS acknowledge that they are owned by varying combinations of Janet Harris, Defendant's founder John Holland, Holland's family members, and Holland's closely-held family businesses.

23. Hence, all Country Club Facilities acknowledge in required filings with CMS that they are subject to centralized control of labor relations, common management, and common ownership/financial control.

24. At all times relevant herein, Plaintiff and others similarly situated were "employees" of Defendant as defined in the FLSA and Ohio law.

25. At all times relevant herein, Defendant was an "employer" of Plaintiff and others similarly situated as that term is defined in the FLSA and Ohio law.

26. Defendant, individually and jointly with its affiliated companies, has an annual gross volume of sales made or business done of not less than $500,000.00.

27. At relevant times, Defendant held direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees.

28. At relevant times, Defendant held direct or indirect control and authority over the working conditions of Plaintiff and those similarly situated.

29. At relevant times, Defendant applied or cause to be applied substantially the same relevant employment policies, practices, and procedures to all employees across all locations, including those related to the payment of wages, overtime, timekeeping, and the allegations made in this complaint.

30. The work performed by Plaintiff and similarly situated employees benefited Defendant and directly or indirectly furthered its interests. Therefore, Defendant is a joint employer of Plaintiff and other similarly situated employees.

**B. Defendants failed to pay Plaintiff and others similarly situated for all time worked, resulting in unpaid overtime.**

31. Plaintiff and those similarly situated were not exempt from the overtime requirements of the FLSA or Ohio law.

32. At all relevant times, Plaintiff and others similarly situated regularly worked 40 or more hours per workweek for Defendants.

33. During all relevant times Defendants had a policy and practice of deducting 30-minute unpaid meal breaks from employees' time worked, including Plaintiff and others similarly situated.

34. Plaintiff and others similarly situated were often interrupted during their meal breaks or were unable to take their full 30-minute meal breaks due to work duties.

35. Despite these interruptions and incomplete meal breaks, Defendant continued to deduct, or cause to be deducted, 30 minutes from Plaintiff's and other similarly situated employees' time worked, and this time was not counted towards their weekly total hours.

36. Moreover, Defendant denied compensation to Plaintiff and similarly situated employees for required pre- and post-shift work, such as report to/from preceding and successor shifts and requisite patient care.

37. Defendant failed to accurately record and compensate Plaintiff and those similarly situated for all time worked, as described above.

38. As a result, Defendant failed to pay Plaintiff and those similarly situated for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

39. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and on other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

41. The employees who are similarly situated to Plaintiff for which Plaintiff seeks to represent and for which Plaintiff seeks the right to send opt-in notices for purposes of the collective action (the "FLSA Collective"), and of which Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former hourly employees of Country Club Facilities who worked 40 or more hours during any workweek at any time from three years preceding the filing of this Complaint through the final disposition of this matter and who were paid in any such workweek less than their clocked hours.**

42. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

43. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's unlawful practice of failing to pay Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

44. The identities of the putative members of the FLSA Collective are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

45. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"), which is defined as:

> **All current and former hourly employees of Country Club Facilities who worked 40 or more hours during any workweek at any time from two years preceding the filing of this Complaint through the final disposition of this matter and who were paid in any such workweek less than their clocked hours.**

46. The Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals each, whose identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. art. II, § 34a.

47. There are questions of law or fact common to the Ohio Class including whether Defendant failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective properly calculated regular rates.

48. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to each Class as a whole, and predominate over any questions affecting only individual Class members.

49. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Ohio Class.

50. Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

51. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.

52. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

56. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

57. Plaintiff and similarly situated employees were not paid for all time worked because, *inter alia*, Defendant deducted a 30-minute meal period even though Plaintiff and similarly situated employees worked through the meal periods or were otherwise interrupted by work duties, and because Defendant failed to compensate employee for pre- and post-shift duties that were integral to employees' principal activities.

58. Plaintiff and similarly situated employees were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

59. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

60. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

61. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Ohio Prompt Pay Act Class Overtime Violations)**

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

64. Plaintiff brings this claim for violation of Ohio's Prompt Pay Act, on behalf of himself and all Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

65. Plaintiff and the Ohio Class members were not timely paid all wages earned as required by the Prompt Pay Act because Defendant deducted, or caused to be deducted compensable working time from Class Members' paid hours.

66. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

67. Defendant failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, respectfully request that this Honorable Court:

A. Authorize Court-approved notice to be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. §216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join, and the Ohio Class;

D. Award Plaintiff, the Opt-Ins who join and the Ohio Class actual damages for unpaid overtime wages;

E. Award Plaintiff and the Opt-Ins who join liquidated damages equal in an amount to the unpaid overtime wages found due to Plaintiff and the Opt-Ins;

F. Award Plaintiff and the Ohio Class, as liquidated damages, an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater;

G. Award Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

H. Award Plaintiff, the Opt-Ins who join, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

I. Award Plaintiff, the Opt-Ins who join, and the Ohio Class any such further and additional relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
**TITTLE & PERLMUTER**
4106 Bridge Ave.
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

and

Adam Lubow (0097517)
**NILGES DRAHER LLC**
700 W. St. Clair Ave., Ste. 320
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: alubow@ohlaborlaw.com

*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Scott D. Perlmuter*
Counsel for Plaintiff